USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/28/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| NANOBEBE US INC. | |
| Plaintiff(s), | 1:21-cv- 08444-GHW |
| - v - | **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |
| MAYBORN (UK) LIMITED, MAYBORN USA, INC., MAYBORN GROUP LIMITED, | |
| Defendant(s). | |

GREGORY H. WOODS, District Judge:

WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

    1.    With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as

"Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this Order (collectively, "Confidential Discovery Material"), no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder:

2. Confidentiality Designation

2.1 The Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

(a) previously non-disclosed material relating to ownership or control of any non-public company;

(b) other business or technical information the disclosure of which would result in competitive, commercial, or financial harm to the producing party or a third party to whom the producing party owes an obligation of confidentiality with respect to such information;

(c) any information of a personal or intimate nature regarding any individual; or

(d) any other category of information given confidential status by this Court after the date of this Order.

2.2 The party producing any given Discovery Material may designate as "Highly Confidential – Attorneys' Eyes Only" only such portion of such material as consists of:

(a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) previously non-disclosed business plans, product-development information, or marketing plans;

(c) trade secret information of the producing party or a third party to whom the producing party owes an obligation of confidentiality with respect to such information;

(d) other business or technical information the disclosure of which would result in competitive, commercial, or financial harm to the producing party or a third party to whom the producing party owes an obligation of confidentiality with respect to such information and that the producing party reasonably believes would not otherwise be adequately protected under the procedures set forth herein if designated Confidential.

3. With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility.

4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order;" or (b) notifying the reporter and

all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential or Highly Confidential.

       5.       If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential or Highly Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Highly Confidential. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation within two business days of providing such notice.

       6.       Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

       7.       <u>Disclosure of Confidential Discovery Material</u>

       7.1       Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) up to and including four designated representatives of each side to whom disclosure is reasonably necessary for the litigation of this action and who have first been disclosed to the other side and executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto:

    i. Either side may in good faith request the other side's consent to designate one or more additional representatives, the other side shall not unreasonably withhold such consent, and the requesting side may seek leave of Court to designate such additional representative(s) if the requesting party believes the other side has unreasonably withheld such consent;

(b) outside counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such

person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(h) this Court, including any appellate court, its support personnel, and court reporters.

7.2 No person subject to this Order other than the producing party shall disclose any Discovery Material designated by the producing party as "Highly Confidential – Attorneys' Eyes Only" to any other person whomsoever, except, to the extent that disclosure of such Discovery Material is reasonably necessary for this action, to the persons identified in sections (b) through (h) of paragraph 7.1 above.

8. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7.1(a), 7.1(d), or 7.1(f) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. Further, as for persons referred to in subparagraph 7.1(f) above, such persons shall also first have been qualified to receive such materials in accordance with the procedure set out in Exhibit B hereto.

9. This Order binds the Parties and certain others to treat as Confidential or Highly Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to

determine whether to afford confidential treatment to any Discovery Material designated as Confidential or Highly Confidential hereunder. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential or Highly Confidential.

10. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. In accordance with Rule 4(A) of the Court's Individual Rules of Practice in Civil Cases, the Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission. In accordance with Rule 4(A) of this Court's Individual Rules of Practice in Civil Cases, any Party that seeks to file Confidential Discovery Material under seal must file an application and supporting declaration justifying—on a particularized basis—the sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

11. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly,

counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 2(C) of this Court's Individual Practices.

13. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

14. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

15. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

17. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

18. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

19. As with any information redacted or withheld, the receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production, or contain or reference the substance of the Inadvertently Disclosed Information.

20. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

21. Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential Discovery Material must either return it—including all copies thereof—to the Producing Party, or, upon permission of the Producing Party, destroy such material—including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this

provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

21.1 <u>Prosecution Bar</u>. Any outside attorney representing Plaintiff or Defendants or any outside consultant or expert, who reviews or otherwise learns the contents of, in whole or in part, the other side's Confidential Discovery Material designated "Highly Confidential – Attorneys' Eyes Only" under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to a drinking or feeding vessel with a nipple (including a baby bottle or a feeding bottle), nipples, and nipple assemblies, and any method for making or producing the same (the "Field of the Patents-in-Suit") on behalf of the receiving party or its acquirer, successor, predecessor, or other affiliate during the pendency of this action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each party shall create an "ethical wall" between those persons who review or otherwise learn the contents of, in whole or in part, the other party's Confidential Discovery Material designated "Highly Confidential – Attorneys' Eyes Only" and any individuals who, on behalf of the party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the Field of the Patents-in-Suit. For the avoidance of doubt, nothing in this paragraph shall preclude any person who reviews or otherwise learns the contents of, in whole or in part, the other side's Confidential Discovery Material designated "Highly Confidential – Attorneys' Eyes Only" under this Order from participating in any post-grant proceeding (including *Inter Partes* Review,

Post-Grant Proceedings, or reexamination proceedings, or any such post-grant-related foreign proceeding), excluding any claim drafting or claim amendment activity that may be part of any such proceeding. Nothing in this paragraph shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor. The parties expressly agree that the Prosecution Bar set forth herein shall be personal to any attorney who reviews Confidential Discovery Material designated "Highly Confidential – Attorneys' Eyes Only" and shall not be imputed to any other persons or attorneys at the attorneys' law firm. Further, any outside attorney representing a party, as well as any outside consultant or expert, who reviews or otherwise learns the contents of, in whole or in part, the other party's Confidential Discovery Material designated "Highly Confidential – Attorneys' Eyes Only" under this Order shall not be involved in competitive decision making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), pertaining to the field of the patents-in-suit on behalf of the receiving party or its acquirer, successor, predecessor, or other affiliate during the pendency of this action and for one (1) year after its conclusion, including any appeals.

22. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

23. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

| | |
|---|---|
| */s/ Julie. P. Bookbinder* | */s/ John S. Goetz* |
| Julie P. Bookbinder | John S. Goetz |
| Dated: March 28, 2022 | Dated: March 28, 2022 |

SO ORDERED.

Dated:  March 28, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge

12

<u>Exhibit A</u>            to Stipulated Confidentiality Agreement and Protective Order

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NANOBEBE US INC.,<br><br>          Plaintiff(s),<br><br>- v -<br><br>MAYBORN (UK) LIMITED, MAYBORN USA, INC., MAYBORN GROUP LIMITED,<br><br>          Defendant(s). | 1:21-cv- 08444-GHW<br><br>**<u>NON-DISCLOSURE AGREEMENT</u>** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential.  I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
Name:
Date:

Exhibit B

EXPERTS AND CONSULTANTS

(a) Experts or consultants receiving Confidential Discovery Material shall not be a current officer, director or employee of a party or of a competitor of a party, nor anticipated at the time of retention to become an officer, director or employee of a party or a competitor of a party.

(b) Prior to disclosing any Confidential Discovery Material to any person described in Paragraphs 7.1(f) (referenced below as "Person"), the party seeking to disclose such information shall provide the producing party with written notice that includes:

(i) the name of the Person;

(ii) an up-to-date curriculum vitae of the Person;

(iii) the present employer and title of the Person;

(iv) an identification of all of the Person's past and current employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person; and

(v) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.

Further, the party seeking to disclose Confidential Discovery Material shall provide such other information regarding the Person's professional activities reasonably requested by the producing party for it to evaluate whether good cause exists to object to the disclosure of Confidential Discovery Material to the outside expert or consultant.

(c) Within seven (7) days of receipt of the disclosure of the Person, the producing party may object in writing to the Person for good cause. In the absence of an objection at the end of the seven (7) day period, the Person shall be deemed approved under this Protective Order. There shall be no disclosure of Confidential Discovery Material to the Person prior to expiration of this seven

(7) day period. If the producing party objects to disclosure to the Person within such seven (7) day period, the patties shall meet and confer via telephone or in person within three (3) days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the party objecting to the disclosure will have three (3) days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(d) For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Confidential Discovery Materials in a way or ways that would violate one or more provisions contained in this Order.

(e) Prior to receiving any Confidential Discovery Material under this Order, the Person must execute a copy of the Non-Disclosure Agreement (Exhibit A hereto) and serve it on all parties.