UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NANOBEBE US INC., <br><br>                     Plaintiff, <br><br> -against- <br><br> MAYBORN (UK) LIMITED et al., <br><br>                     Defendants. | 21-cv-08444 (JLR) <br><br> **<u>ORDER</u>** |

JENNIFER L. ROCHON, United States District Judge:

      On February 1, 2023, Plaintiff Nanobebe US Inc. ("Nanobebe") requested an adjournment of the February 22, 2023 *Markman* hearing because it intends to file a motion to stay based on two related *inter partes* review ("IPR") proceedings. ECF No. 67. Defendants Mayborn (UK) Limited *et al*. ("Mayborn") opposed this request for an adjournment of the *Markman* hearing (and the proposed motion to stay). ECF No. 68.

      This case has been pending since October 13, 2021. ECF No. 1. Discovery has been conducted. ECF No. 68 at 3. Claim construction briefing has already been extended due to the replacement of counsel for Nanobebe (ECF No. 51) and the *Markman* hearing has also been rescheduled once (ECF No. 61). Claim construction has been fully briefed since November 30, 2022; the parties conducted two technology tutorials due to the reassignment of this case; and, the February 22, 2023 *Markman* hearing has been scheduled since November 4, 2022. ECF No. 61.

      During the pendency of this case, third parties Comotomo, Inc. and Comotomo Corp. (collectively "Comotomo"), filed an IPR petition with the United States Patent and Trademark Office ("USPTO") challenging the validity of the claims of the '930 and '244 Patents, the patents at issue in this case. ECF No. 67 at 1. On January 24, 2023, the USPTO granted Comotomo's IPR petition as to the '930 Patent and denied the IPR petition as to the '244 Patent. *Id*. According to Mayborn, the Board granted the petition and instituted the review solely to address whether

claim 13 of the '930 Patent is invalid and, given this, Mayborn asserts that Comotomo has offered to withdraw the instituted IPR. ECF No. 68 at 1-2. Claim 13 is not at issue in the present patent infringement action. ECF No. 45.

Nanobebe stated in its joint letter to the Court on October 14, 2022 that it was preparing its request for an IPR petition with the USPTO and was "likely to file that request shortly." ECF No. 58 at 7. Nanobebe did not ultimately file its request for an IPR petition until January 12, 2023 – the last day before its IPR petition would be statutorily barred, according to Mayborn. ECF No. 68 at 2. The USPTO has until July 12, 2023 to make an institution decision with respect to Nanobebe's request and, if instituted, has additional time to make a final decision. ECF No. 67 at 2. The Court is unclear as to why Nanobebe waited until January 12, 2023 to file its IPR request; Nanobebe did not file its request to adjourn the *Markman* hearing until February 1, 2023; and it still has not filed its motion to stay.

The Court will not adjourn the *Markman* hearing. *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 147-48 (2d Cir. 1998) (district court has discretion as to whether to adjourn hearings). There have already been several extensions of various deadlines and adjournments in this case. The *Markman* hearing has been scheduled since November 2022 and the Court and parties have been preparing for it, including through the recent technology tutorial on January 18, 2022.

The Court will evaluate any motion to stay that is filed by Nanobebe but notes that, at this point, an uninstituted IPR petition request would not seem to support a stay of an action between two direct competitors. *See, e.g.*, *CDX Diagnostics, Inc. v. U.S. Endoscopy Grp., Inc.*, 2014 WL 2854656 (NSR), at *4 (S.D.N.Y. June 14, 2014) (holding that uninstituted petition did not weigh in favor of a stay because "although IPR proceedings may serve to narrow the issues in the pending litigation, it is unclear at this stage whether the PTO will institute proceedings on any or all of the petitions"); *Rensselaer Polytechnic Inst. v. Apple Inc.*, 2014 WL 201965 (DEP), at *6 (N.D.N.Y. Jan. 15, 2014) ("[u]ntil the PTO acts on the pending petition, the court is unable to

assess with precision the extent, if at all, to which a decision on the petitions may serve to simplify the issues of this case").

The *Markman* hearing will proceed as scheduled on February 22, 2023.

Dated: February 6, 2023
New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge