UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>

NANOBEBE US INC,

      Plaintiff,

   -against-

MAYBORN (UK) LIMITED, ET AL.,

      Defendants.

</td><td>

No: 21-cv-08444 (JLR)

**<u>ORDER</u>**

</td></tr>
</table>

JENNIFER L. ROCHON, United States District Judge:

  Before this Court is an action between Plaintiff Nanobebe US Inc. ("Plaintiff" or "Nanobebe") and Mayborn (UK) Limited, Mayborn USA, Inc., and Mayborn Group Limited (collectively, "Defendants" or "Mayborn") disputing whether Nanobebe's baby bottles infringe Mayborn's patents. *See generally* ECF Nos. 1 ("Compl.") and 25 ("Answer & Counterclaims"). On June 29, 2023, Nanobebe moved to stay this action pending the resolution of an *inter partes* review ("IPR") proceeding that has been instituted before the Patent Trial and Appeal Board ("PTAB"). *See* ECF No. 96 ("Mot.").[1] Mayborn opposes the motion to stay. *See* ECF No. 97 ("Opp."). For the reasons stated below, the motion to stay is GRANTED and this action is STAYED.

## BACKGROUND

  Both Mayborn and Nanobebe are in the business of selling baby bottles. Compl. ¶¶ 5, 34. At issue in this case are two of Mayborn's utility patents for "Baby Bottle with Flexible

---

[1] Nanobebe initially filed its motion to stay on June 28, 2023 in a letter that was not compliant with the page limitations in the Court's rules. ECF No. 95. Nanobebe refiled a revised and abbreviated motion to stay on June 29, 2023. ECF No. 96. In this Order, the Court will address the revised motion at ECF No. 96 as it is compliant with court rules. However, even if the Court were to consider the arguments made in the lengthier June 28 filing, the Court's decision would remain the same.

Nipple Regions": U.S. Patent No. 10,952,930 B2 (the "'930 Patent") and U.S. Patent No.

11,207,244 B2 (the "'244 Patent"). *See generally* Compl.; Answer and Counterclaims. In

short, Mayborn initially sent a notice to Nanobebe through an Amazon message portal

asserting that a selection of Nanobebe's baby bottles infringe upon Mayborn's '930 and '244

Patents. Compl. ¶ 15. On October 13, 2021, Nanobebe initiated the present action and sought

declaratory judgment of non-infringement against Mayborn's patents. *See generally id*. On

January 13, 2022, Mayborn answered and filed two counterclaims. *See generally* Answer &

Counterclaims. The Court held a technology tutorial and a *Markman* hearing on January 18,

2023 and February 22, 2023, respectively. *See* ECF No. 69 ("Tech Tutorial Tr."); ECF No.

79 ("Markman Tr."). The Court issued an opinion construing the contested terms of the

patents on April 18, 2023. ECF No. 86 ("Markman Op."). The parties are presently

conducting discovery.

  While this case was pending, on January 13, 2023, Nanobebe filed two IPR petitions

before the PTAB seeking to invalidate the asserted claims of Mayborn's patents. Mot. at 1.

On June 16, 2023, the PTAB found that there was "a reasonable likelihood" that Nanobebe

would "prevail in establishing the unpatentability of at least one" of the challenged claims in

the two patents due to obviousness. ECF No. 96-2 ("'930 IPR Decision") at 2, 41-45, 53;

ECF No. 96-3 ("'244 IPR Decision") at 2, 31, 37. Accordingly, the PTAB initiated an *inter

partes* review of the '930 and '244 Patents. *See* '930 IPR Decision at 53; '244 IPR Decision

at 37.

  On June 29, 2023, Nanobebe moved to stay this matter based on the IPR proceedings.

*See* Mot. Mayborn opposed the motion on July 10, 2023. Opp. Nanobebe filed a reply on

July 14, 2023. ECF No. 98 ("Reply").

## LEGAL STANDARD

"A federal district court has inherent power to stay an action pending *inter partes* review." *Goodman v. Samsung Elecs. Am, Inc.*, No. 17-cv-05539 (JGK), 2017 WL 5636286, at *2 (S.D.N.Y. Nov. 22, 2017).  When an IPR proceeding is pending, courts in this district consider: "(1) whether a stay will simplify the issues in question and trial of the case; (2) the stage of the proceedings; and (3) whether a stay will prejudice the nonmoving party." *CDX Diagnostics, Inc. v. U.S. Endoscopy Grp., Inc.*, No. 13-cv-05669 (NSR), 2014 WL 2854656, at *2 (S.D.N.Y. June 20, 2014) (citation omitted).  "These factors are not exclusive, however, and in the end, the overarching consideration of the circumstances in their totality governs." *Grecia v. MasterCard, Inc.*, No. 15-cv-09210 (RJS), 2017 WL 11566955, at *2 (S.D.N.Y. Apr. 3, 2017) (citation omitted).  The "burden is on the movant to establish that a stay is warranted." *Goodman*, 2017 WL 5636286, at *2.

Congress created the *inter partes* review process to "streamlin[e] the patent process in general and [focus] patent enforcement litigation, thus limiting costs for all parties and preserving judicial resources."  *Nike, Inc. v. Lululemon USA Inc.*, 22-cv-00082 (RA) (OTW), 2023 WL 2214884, at *1 (S.D.N.Y. Feb. 24, 2023).  With that in mind, it is preferable "to allow the PTO to apply its expertise to these proceedings before considerable judicial resources are expended."  *Id.* (citation omitted).  "There is a 'liberal policy in favor of granting motions to stay proceedings pending the outcome of the USPTO reexamination or reissuance proceedings.'"  *Lederer v. Avotec, Inc.*, 2017 WL 11113809, at *3 (E.D.N.Y. Aug. 15, 2017).  However, "there is no *per se* rule that patent cases should be stayed pending IPR because such a rule would invite parties to unilaterally derail litigation."  *CDX Diagnostics, Inc.*, 2014 WL 2854656, at *3 (citation omitted) (alterations adopted).  The factors must be examined in making an individualized assessment.

## DISCUSSION

For the reasons stated below, the Court finds that the balance of factors favors a stay. The Court addresses each factor in turn.

### A. Simplifying the Issues in the Infringement Action

First, a stay will simplify the issues in this litigation.  District courts have found that IPR proceedings may simplify their proceedings when "the outcome of the [IPR] could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims." *Id.* at *3 (internal citation omitted).  Plus, if any claims survive, the challenging party "will be estopped from raising" an invalidity argument that could have been "raised or reasonably could have been raised during . . . inter partes review."  *Id.*  "When all claims at issue are subject to IPR proceedings" "this factor favors a stay."  *Kannuu Pty Ltd. v. Samsung Elecs. Co.*, 19-cv-04297 (ER), 2021 WL 195163, at *8 (S.D.N.Y. Jan. 19, 2021).

The instituted IPR proceedings cover the same Mayborn patents and the same claims that are at issue here in the infringement litigation – Claims 14, 16, 17, and 19 of the '930 Patent and Claims 21-24, 26 and 27 of the '244 Patent.  ECF No. 96-1.  The PTAB stated that Nanobebe has shown "a reasonable likelihood" that almost all of the claims presented to it in the *inter partes* petitions are unpatentable for obviousness.  *See* '930 IPR Decision at 42-46; '244 IPR Decision at 31-32.   While there are some claims to which the PTAB advised that Nanobebe has not shown a reasonable likelihood of obviousness, *see, e.g.*, '244 IPR Decision at 37 (claims 22 and 23), all challenged claims will be reviewed by the PTAB.  *Id.* at 37-38; '930 IPR Decision at 53.  Thus, "a stay is highly likely to simplify the issues in this case." *Rovi Guides, Inc. v. Comcast Corp.*, No. 16-cv-9278 (JPO), 2017 WL 4876305, at *3 (S.D.N.Y. Oct. 27, 2017) (staying case pending IPR review of four of the five patents in

question where 37 of the remaining 51 claims in the litigation would be rendered moot if the PTAB were to cancel all contested claims). If the PTAB invalidates certain claims asserted in both or either patent, or upholds the claims, these findings would be binding on this Court and would necessarily simplify the issues in this case. *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[u]nder either the reissue or reexamination statute, if the PTO confirms the original claim in identical form, a suit based on that claim may continue, but if the original claim is cancelled or amended to cure invalidity, the patentee's cause of action is extinguished and the suit fails"). Even if only some of the claims are found invalid, the dispute will be narrower. And if the patent holder prevails completely, Nanobebe will not be able to raise certain invalidity defenses (obviousness) before this Court. *See Kannuu Pty Ltd.*, 2021 WL 195163, at *9. In sum, the PTAB's expertise in evaluating overlapping challenges to the claims that are present before this court would assist the court and simplify the issues. *Id.* (finding PTAB's guidance and expertise "is likely to be of considerable assistance to the Court"); *Lederer*, 2017 WL 11113809, at*3 (detailing numerous benefits of granting a stay including that "prior art presented to the Court will have first been considered by the PTO, with its particular expertise").

Mayborn argues that a stay will not streamline the case because certain invalidity defenses will remain given that the PTAB is only examining obviousness. Opp. at 2; *Novartis Pharma AG v. Regeneron Pharms., Inc.*, 582 F. Supp. 3d 26, 47-48 (N.D.N.Y. 2022) (finding that the factor "only slightly favors" a stay where only obviousness was at play in the IPR proceeding). The Court does not find this argument persuasive. The *inter partes* review may not decide every defense in the present action, but, given the scope of review in the IPR proceeding of all of the claims at issue here, a decision is likely to narrow the issues for the Court to decide. *See Kannuu Pty Ltd*, 2021 WL 195163, at *8 (finding that IPR proceeding

would simplify the litigation even when only some of the patents in the suit were being reviewed by PTAB).  Because of the direct overlap of the patents and claims in the IPR proceedings and this litigation, this factor weighs heavily in favor of a stay.

### B.  The Stage of the Proceedings

The second factor, the stage of the infringement action, weighs moderately against a stay.  Generally, when "the parties have fully briefed the issue of claim construction, attended a *Markman* hearing, and received a claim construction order, [and] discovery is well underway, this second factor 'counsel[s] against granting a stay.'"  *Rovi Guides, Inc.*, 2017 WL 4876305, at *3 (internal citation and quotation marks omitted).  That is the case here. The Court held a *Markman* hearing and issued an order construing the contested claims in this case.  *See* Markman Tr.; Markman Op.  The parties are engaged in discovery with fact discovery set to close on September 12, 2023 and expert discovery closing on November 22, 2023.  *See* ECF Nos. 85, 88.  This case has certainly progressed further than those in "early stages" where courts find that this factor weighs in favor of a stay.  *See, e.g.*, *Straight Path IP Grp., Inc. v. Verizon Commc'ns Inc.*, No. 16-cv-4236 (AJN), 2016 WL 6094114, at *3 (S.D.N.Y. Oct. 18, 2016) ("[T]his case is in its infancy. No discovery has been taken and neither a claim construction hearing nor a trial has been scheduled.");  *Nike, Inc.*, 2023 WL 2214884, at *2 ("Although discovery has commenced, no fact depositions have yet been noticed (let alone taken), a *Markman* hearing has not yet been held, and there are not currently any deadlines for the close of fact discovery, expert discovery, or a trial date set.");  *cf. Rovi Guides, Inc.*, 2017 WL 4876305, at *3 (S.D.N.Y. Oct. 27, 2017) (finding litigation stage weighed against a stay when fact discovery was closed, a *Markman* order had been issued, and the parties were pursuing expert discovery).

6

However, the Court does not find that this factor weighs heavily against a stay. Fact discovery is still ongoing, depositions have not even concluded, expert discovery is yet to be done, summary judgment and *Daubert* motions are anticipated, and a trial date has not been set yet.  There is much litigation to come.  Moreover, Nanobebe earlier requested that the Court adjourn the *Markman* hearing given the filing of its IPR petitions in January 2023, which, if granted, would have meant that the case would not have progressed as far as it has. ECF No. 96 at 1.  Nanobebe did not move for a stay and the Court declined to adjourn the hearing that was scheduled to take place three weeks later based on a petition request that had not yet been instituted.  ECF No. 72.  However, the IPR proceeding has now been instituted, which has changed the landscape and this Court's assessment, at a point where there is still substantial litigation left to proceed.   Thus, while this factor weighs against a stay, it does not weigh heavily against it.

## C.  The Prejudice to the Non-Moving Party

Third, and finally, the court considers the prejudice to Mayborn by looking to four sub factors: (1) the timing of the review request; (2) the timing of the request for stay; (3) the status of the review proceedings; and (4) the relationship of the parties."  *Rovi Guides, Inc.*, 2017 WL 4876305, at *4 (internal citation and quotations omitted).

### 1.  Timing of Review Request

Beginning with the timing of the review request, a party has a year to request an *inter partes* review.  35 U.S.C. 315(b).  To be sure, it is concerning that Nanobebe waited to file its petition until the last moment before the statutory deadline and it has not provided any explanation of this timing.  But it was ultimately filed before the statutory deadline and courts in this district have generally found that filing within the statutory deadline weighs in favor of staying the case.  *See Molo Design, Ltd. v. Chanel, Inc.*, No. 21-cv-01578 (VEC), 2022 WL

2135628, at *3 (S.D.N.Y. May 2, 2022) (finding factor weighed in favor of stay
notwithstanding the filing of an IPR petition three weeks before deadline because "the weight
of the decisions in this Circuit counsels in favor of granting a stay where a party files its IPR
proceedings within the one-year statutory deadline"); *Kannuu Pty Ltd.*, 2021 WL 195163, at
*10 (finding lack of prejudice because party filed petition within the one year deadline).
Thus, this sub factor weighs in favor of a stay, although not strongly given that it was filed,
without explanation, on the very last day of the statutory period was provided.

      *2. Timing of the Stay Request*

      The second sub factor – the timing of the stay request – weighs in favor of a stay.  The
IPR was initiated on June 16, 2023 and Nanobebe moved for a stay less than two weeks later,
having previewed to the Court and Mayborn that it intended to do so months earlier when it
filed the initial petition.  *See generally* '930 IPR Decision; '244 IPR Decision; Mot; *see Rovi
Guides, Inc.*, 2017 WL 4876305, at *4 (filing motion a few days after PTAB decision granting
IPR review did not demonstrate that "request for a stay was dilatory or likely to give it a
tactical advantage"); *Kannuu Pty Ltd.*, 2021 WL 195163, at *11 (same).

      *3. Status of the Review Proceedings*

      The third sub factor, the status of the review proceedings, weighs in favor of a stay
because the PTAB has now instituted review on the challenged patent claims.  *See Rovi
Guides, Inc.*, 2017 WL 4876305, at *4 (finding that "the status of the IPR proceedings is not
likely to cause any undue prejudice or tactical advantage if a stay is granted" where the
"PTAB has already granted review"); *Kannuu Pty Ltd.*, 2021 WL 195163, at *11 (same).
Indeed, many courts in this District grant stays even before the PTAB has initiated a review,
based only on the filing of a *petition* for review.  *See, e.g., Nike, Inc.*, 2023 WL 2214884, at
**1, 3 (granting stay where IPR petition filed but PTAB had not yet instituted review);

*Slingshot Printing LLC v. Cannon USA, Inc*. 2022 WL 17361232, at **2, 5 (E.D.N.Y. Dec. 1, 2022) (same); *Molo Design*, 2022 WL 2135628, at *4 (granting stay where IPR petition filed but PTAB had not instituted review because "if the PTAB were to grant IPR, there will be a substantial chance that its eventual decision will simplify the issues in this litigation").

       *4.   Relationship of the Parties*

       Fourth, the Court considers the relationship of the parties, a factor that turns on "whether the parties are competitors in the marketplace." *CDX Diagnostics, Inc.*, 2014 WL 2854656, at *4.  Here, there is no dispute that the parties are competitors, which generally weighs against a stay.

       With respect to how heavily to weigh this factor, Mayborn has not "identified concrete financial harm, by pointing to particular sales data or other similar information" or even specifics regarding any market share or goodwill impact, in opposing the stay.  *Unicorn Glob., Inc. v. DGL Grp., Ltd.*, No. 21-cv-1443 (MKB) (SJB), 2023 WL 2019092, at *3 (E.D.N.Y. Feb. 15, 2023).   Mayborn instead stresses that it stands to lose legal remedies because its patents will expire in June 2025 and the PTAB could delay its decision until December 16, 2024.  Opp. at 3. The fact that PTAB reviews could take over a year is not reason alone to find prejudice as this is the time table that was statutorily created.  *See Unicorn Glob.,* 2023 WL 2019092, at *3 (holding that delays because PTAB reviews are lengthy is insufficient to establish prejudice unless more was present such as if "discovery were complete, trial were imminent, or if the PTAB had not yet acted on the request for review, or some combination thereof").  Furthermore, the PTAB decision will still predate the expiry of the patent even if the PTAB takes the full time allotted for review.  And even if the stay timeline would potentially impact its claim for injunctive relief, Mayborn did not move for a preliminary injunction and does not contend that money damages could not make it

whole. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) (competitive relationship of parties weighed only "slightly" instead of "heavily" against a stay in part because patent holder could still recoup monetary damages and stay "only delays realization of those damages"); *PopSockets LLC v. Quest USA Corp.*, 2018 WL 4660374, at *2 (E.D.N.Y. Sept. 28, 2018) (finding no undue prejudice to competitor opposing the stay where competitor "alleges 'loss of goodwill, brand erosion, and market confusion' but puts forth no evidence of the magnitude of these effects," nor moves for a preliminary injunction). Therefore, this sub factor weighs against a stay but not heavily.

In reviewing all of these sub factors, while Mayborn's competitive relationship with Nanobebe is a significant consideration, the remainder of the factors used to evaluate prejudice weigh in favor of a stay.

\*   \*   \*

On balance, while this is a close call, the factors weigh in favor of a stay, most notably because the IPR proceeding that has already been initiated will simplify the issues here given the significant overlap between the two proceedings. It would waste the resources of both the Court and the parties to move forward with the substantial remaining litigation efforts here while an IPR proceeding, binding on this Court, that will resolve matters directly relevant to this action, is proceeding. *See Rovi Guides, Inc.*, 2017 WL 4876305, at *5 (finding judicial economy weighed in favor of staying action when summary judgment, *Daubert* briefing, *motions in limine*¸ and trial had not been completed).  While the Court recognizes that it was reluctant to slow the proceedings based on the IPR petitions filed in January 2023, ECF No. 72, once the petitions were granted and IPR proceedings were initiated based on findings regarding a reasonable likelihood of unpatentability of many of the very claims in this case,

the Court's assessment shifted.  Accordingly, the Court finds it appropriate to stay this case while the PTAB reviews the two patents and claims that are at the heart of this action.

## CONCLUSION

The motion to stay is GRANTED.  This action is stayed pending the outcome of the IPR proceeding before the PTAB.  The parties should notify the Court within one week of any decision issued by the PTAB.  The Clerk of Court is respectfully directed to close the motions at ECF Nos. 95, 96, and 98.

Dated:  August 4, 2023
          New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge